GIBSON, DUNN & CRUTCHER LLP
Michael A. Rosenthal (*pro hac vice* pending)
Rachel F. Castelino (RC-8356)
200 Park Avenue
New York, NY 10166
Tel (212) 351-4000
Fax (212) 351-4035

*Attorneys for PricewaterhouseCoopers AG, Zurich,
as Bankruptcy Liquidator of
Lehman Brothers Finance AG, in Liquidation,
a/k/a Lehman Brothers Finance SA, in Liquidation*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>LEHMAN BROTHERS FINANCE AG, IN LIQUIDATION, a/k/a LEHMAN BROTHERS FINANCE SA, IN LIQUIDATION,<br><br>Debtor in a Foreign Proceeding. | Chapter 15<br><br>Case No. 09-B-_____ |
| In re:<br><br>LEHMAN BROTHERS HOLDINGS INC., *et al.*,<br><br>Debtors. | Chapter 11 Case No.<br><br>Case No. 08-13555 (JMP)<br><br>(Jointly Administered) |

**MOTION PURSUANT TO SECTION 305 OF THE BANKRUPTCY CODE
FOR AN ORDER DISMISSING CHAPTER 11 CASE UPON RECOGNITION
OF FOREIGN MAIN PROCEEDING UNDER CHAPTER 15**

PricewaterhouseCoopers AG, Zurich ("PwC"), in its capacity as duly authorized Bankruptcy Liquidator and putative foreign representative of Lehman Brothers Finance AG, in Liquidation, also known as Lehman Brothers Finance SA, in Liquidation, a Swiss corporation ("LBF"), by and through its United States counsel, Gibson, Dunn & Crutcher LLP, files this

motion (the "Motion") pursuant to section 305 of title 11 of the United States Code (the "Bankruptcy Code") for an order dismissing the currently pending chapter 11 case regarding LBF (the "Chapter 11 Case") immediately upon recognition of the currently ongoing bankruptcy proceeding in Switzerland regarding LBF (the "Swiss Bankruptcy") as a foreign main proceeding under sections 1502(4), 1504, 1515 and 1517 of the Bankruptcy Code.

## PRELIMINARY STATEMENT

1. Commencing on September 15, 2008 and periodically thereafter, Lehman Brothers Holdings Inc. ("LBHI") and certain of its subsidiaries commenced with this Court voluntary cases under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). On October 3, 2008, the Chief Restructuring Officer of LBHI (the "CRO") authorized the filing of a chapter 11 petition in the Bankruptcy Court on behalf of LBF, a wholly owned subsidiary of LBHI. According to Weil, Gotshal & Manges LLP ("WGM"), counsel for LBHI and, in connection with the filing of such chapter 11 petition, for LBF, the filing was precipitated to protect LBF's U.S. assets. Although the filing was approved by the CRO, neither LBF's board of directors nor PwC, which had before such date been appointed by the Swiss Federal Banking Commission to act as Observer of LBF (with the power to approve any legal actions taken by the board of directors or officers of LBF) in proceedings then pending in Switzerland, approved the filing of the Chapter 11 Case.

2. Concurrently with this Motion, PwC has filed a petition (the "Chapter 15 Petition") seeking (i) recognition of the Swiss Bankruptcy as a "foreign main proceeding," and of PwC as the "foreign representative" of LBF under chapter 15 of the Bankruptcy Code, and (ii) additional relief under section 1521 of the Bankruptcy Code. PwC believes that the ancillary case commenced by the Chapter 15 Petition (the "Chapter 15 Case") is the most efficient, expeditious and appropriate vehicle for administering LBF's limited assets in the

2

United States. Therefore, upon recognition of the Swiss Bankruptcy as a foreign main proceeding and the granting of relief under section 1521, the Chapter 11 Case will serve no further purpose. In fact, continuing the Chapter 11 Case regarding LBF would impose unnecessary administrative and financial burdens that would ultimately be borne by LBF's creditors.

3. Therefore, PwC requests the dismissal of the Chapter 11 Case pursuant to sections 305(a)(2) and 305(b) of the Bankruptcy Code, effective immediately upon entry of this Court's order granting recognition of the Swiss Bankruptcy, confirming the effectiveness of relief under section 1520, and granting relief under section 1521.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 157 and 1334 and the "Standing Order of Referral of Cases to Bankruptcy Judges of the United States District Court for the Southern District of New York" (Ward, Acting C.J.), dated July 10, 1984. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(P).

5. Venue is properly located in this District pursuant to 28 U.S.C. § 1410. The statutory predicates for the relief sought herein are sections 305(a)(2) and 1501 of the Bankruptcy Code.

## BACKGROUND

**A. Lehman Brothers Finance AG, a/k/a Lehman Brothers Finance SA**

6. Articles of Association for LBF were filed in Switzerland on January 13, 1997. LBF's Articles of Association provide that it is a Swiss corporation known as ***both*** Lehman Brothers Finance AG ***and*** Lehman Brothers Finance SA. The dual names arise from the requirement in Switzerland, a country in which both French and German are official

languages, to designate LBF's corporate status both in the German nomenclature (*Aktiengesellschaft* (AG)) and the French nomenclature (*Société anonyme* (SA)).

7. LBF is a wholly owned subsidiary of Lehman Brothers Holdings, Inc. ("Holdings"). Since January 22, 2001, the principal purpose of LBF has been to provide financial and financial intermediary services, including structuring, issuing and entering into derivative transactions, and any other related activities. Prior to the commencement of the Swiss Bankruptcy, LBF's primary business was to engage in foreign (i.e., non-U.S.) derivative transactions.

8. LBF maintains its registered office in Zurich, Switzerland. LBF's books and records are maintained at its headquarters, which are located at Talstrasse 82, 8001 Zurich, Switzerland (the "Headquarters"). Prior to the appointment of PwC, LBF managed its affairs from its Headquarters, where its primary assets were booked and operations were undertaken. Likewise, LBF's derivatives contracts were reviewed and approved from the Headquarters. LBF has no offices or employees in the United States.

9. While LBF has business relationships with several U.S.-based Lehman Brothers entities and a number of other U.S. counterparties, the bulk of LBF's debtor-creditor relationships involve entities that are not based in the United States, including Lehman Brothers International (Europe). For example, as of December 1, 2008, LBF had 55 U.S. counterparties with open positions, as compared to 612 non-U.S. counterparties with open positions. All of LBF's counterparties are sophisticated investors. Historically, LBF's business has been interconnected with the business of other Lehman Brothers entities, and LBF has been partially dependent upon services provided by other Lehman Brothers group companies based in the United States and the United Kingdom.

### B. The Swiss Proceedings

10. By order of September 30, 2008, the Swiss Federal Banking Commission (the "SFBC") assumed regulatory authority over LBF, as a financial intermediary. Effective January 1, 2009, the SFBC and other regulatory bodies were merged into the Swiss Financial Market Supervisory Authority ("FINMA"), which now regulates LBF and is responsible for supervising the Swiss Bankruptcy pursuant to the same rules and authorities previously administered by the SFBC. The FINMA and the SFBC, as applicable, are referred to hereinafter as the "Swiss Commission."

11. On September 30, 2008, the Swiss Commission issued an order (the "September 30 Order") appointing PwC as the Observer of LBF and directing PwC to investigate LBF's finances and other affairs. The September 30 Order prohibited LBF's board of directors and officers from causing LBF to take any legal actions without PwC's approval, and tasked PwC to protect LBF's creditors and marshal its assets.

12. On October 17, 2008, PwC issued a report to the Swiss Commission pursuant to the September 30 Order recommending the liquidation of LBF. On October 29, 2008, the Swiss Commission issued an order (the "October 29 Order") appointing PwC as Liquidator of LBF with sole authority to act on LBF's behalf, and prohibiting LBF's board of directors and officers from taking any legal actions on the company's behalf. The October 29 Order also commenced the liquidation, i.e. the orderly winding up, of LBF pursuant to (i) article 23 quinquies of the Swiss Federal Act on Banks and Savings Banks; (ii) article 36a of the Swiss Federal Act on Stock Exchanges and Securities Dealers; and (iii) article 739, *et seq.*, of the Swiss Federal Code of Obligations, with PwC serving as Liquidator. The October 29 Order required a specific entry in the commercial register of the Canton of Zurich (the

5

"Commercial Register"),[1] and publication of a notice in the Swiss Official Gazette of Commerce (the "Official Gazette"), disclosing that LBF's directors and officers were no longer empowered to act on behalf of LBF, and that only PwC was so authorized. In addition, the October 29 Order provided that the liquidation proceeding could be converted to a bankruptcy proceeding upon a finding that there was no possibility of restructuring LBF.

13. In its capacity as Liquidator, PwC, having engaged in an initial investigation of LBF's affairs, determined in late November 2008 that LBF was very likely to be insolvent and that a restructuring was unlikely. PwC informed the Swiss Commission of these findings and on December 2, 2008 requested that the liquidation proceeding be converted to a bankruptcy proceeding. On December 19, 2008, effective from December 22, 2008, the Swiss Commission issued an order (the "December 19 Order") commencing a Swiss "*Bankenkonkurs*," or bank/security dealer bankruptcy proceeding (the Swiss Bankruptcy, as defined above) for LBF pursuant to Swiss law, specifically (i) article 33, *et seq.*, of the Swiss Federal Act on Banks and Savings Banks; (ii) the Swiss Commission's Ordinance on Bankruptcy of Banks and Securities Dealers; (iii) article 36a of the Swiss Federal Act on Stock Exchanges and Securities Dealers; and (iv) the Swiss Federal Debt Enforcement and

---

[1] The Commercial Register is operated, on a cantonal level, by cantonal state authorities and supervised by the Swiss Federal Authority for the Swiss Commercial Register. Its purpose is to record and make publicly available important data regarding commercial entities, including but not limited to the legal form of the entity, the company capital, the members of the board, the auditor of the company, and whether the company is a going concern or in liquidation. The Commercial Register thus allows third parties to gather information about Swiss companies, including LBF. Swiss counsel for PwC has advised that, under Swiss law, entries in the Commercial Register are deemed to be universally known.

Bankruptcy Act (the "Swiss Governing Laws"),[2] and appointing PwC as Bankruptcy Liquidator of LBF.

14. The December 19 Order required an additional entry in the Commercial Register (the "Commercial Register Entry") disclosing that the Swiss Bankruptcy was commenced and that PwC was appointed as the Bankruptcy Liquidator of LBF. Pursuant to the December 19 Order, notice of the Swiss Bankruptcy was also provided by publication on FINMA's website[3] on January 7, 2009 and in the Official Gazette on January 14, 2009.[4] The Notices are attached hereto as Exhibit A.

15. The Swiss Commission issued a certificate (the "Certificate") stating that the Swiss Bankruptcy has commenced, and that PwC has been appointed as the Bankruptcy Liquidator for LBF. The Certificate is attached hereto as Exhibit B.[5]

16. As further evidence of the Swiss Bankruptcy and the appointment of PwC as Bankruptcy Liquidator, a copy of the original German language version of the

---

[2] The Swiss Commission has held that LBF is subject to the Swiss laws governing the bankruptcy and liquidation of banks and securities dealers, which incorporate by reference the general provisions of the Swiss insolvency law.

[3] *See* http://www.finma.ch/e/sanktionen/insolvenzen/pages/details.aspx?orgid=5.

[4] *See* https://www.shab.ch/DOWNLOADPART/N4652076/N2009.04820964.pdf

[5] While relevant portions of the September 30 Order, the October 29 Order and the December 19 Order have been summarized accurately herein, as a result of Swiss secrecy laws, these Orders are not publicly available and, accordingly, have not been filed with the Court. Evidence of the appointment of PwC and of the respective state of proceedings is demonstrated by the Certificate and the Commercial Register Entry.

Commercial Register Entry is attached hereto as Exhibit C, and an English translation thereof is attached hereto as Exhibit D.

**Role of PWC As Bankruptcy Liquidator**

17. Pursuant to the October 29 Order, PwC as Liquidator took over most functions, and in particular, all operational functions, of LBF's board of directors. On December 22, 2008, which was the effective date of the December 19 Order, PwC became the Bankruptcy Liquidator of LBF. Thus, since October 29, 2008, by authority of the Swiss Commission, PwC has operated LBF to a large extent independently of prior management, and has been and remains obligated to protect the interests of LBF's creditors and equity holders. PwC is tasked with investigating LBF's affairs, preserving assets for the benefit of creditors and equity holders, and collecting receivables and liquidating the assets of LBF for the benefit of all creditors and equity holders. Among other things, the Swiss Commission may order protective measures for LBF pursuant to article 26, *et seq.*, of the Swiss Federal Act on Banks and Savings Banks. Although PwC's authority as Bankruptcy Liquidator is expressly provided for by Swiss law and the December 19 Order, only the Swiss Commission (and, in certain instances, the appropriate Swiss courts) are empowered to issue necessary orders in connection with the Swiss Bankruptcy.[6] The Bankruptcy Liquidator remains subject to supervision by the Swiss Commission with respect to all actions to be taken in the course of the Swiss Bankruptcy.

18. By virtue of its appointment by the Swiss Commission, PwC, as Bankruptcy Liquidator for LBF, is responsible for, among other things:

---

[6] The Bankruptcy Liquidator is not a court, and cannot issue orders in connection with the Swiss Bankruptcy.

8

a. Notifying creditors identified in LBF's books and records of the Swiss Bankruptcy by special notice or by publication in the Official Gazette, and requesting that creditors file their claims not later than the set claims date;

b. Notifying unknown obligees, and requesting that they file their claims, by publication in the Swiss Official Gazette of Commerce by the set claims date;

c. Preparation of a schedule of claims based upon LBF's books and records and the claims filed by creditors and decision on the admission or the repudiation of such claims;

d. Measures to secure the assets of LBF, notify debtors of LBF and holders of property of LBF to discharge such debts and return such assets to LBF, respectively, and preparing a respective inventory;

e. Convening a meeting of creditors (if considered appropriate);

f. Liquidation of assets;

g. Representing LBF in all legal transactions connected with the Swiss Bankruptcy, including lawsuits, settlements and arbitrations;

h. Management of LBF to the extent necessary in the Swiss Bankruptcy;

i. Coordination with foreign authorities to the extent foreign proceedings are relevant for the Swiss Bankruptcy; and

j. Preparation of the distribution list.

19. In order to fulfill its duties under Swiss law, PwC needs relief under chapter 15 to assist it in conducting an investigation and collection of LBF's U.S. assets. PwC also believes that the Swiss Bankruptcy can be completed most efficiently if PwC is entrusted with the administration, realization and distribution of any such U.S. assets in accordance with the Swiss Bankruptcy.

### C. The U.S. Chapter 11 Case

20. On October 3, 2008, the CRO authorized the filing of the Chapter 11 Case in the Bankruptcy Court on behalf of LBF (under the name Lehman Brothers Finance SA).[7] However, neither the board of directors of LBF, which is a Swiss corporation, nor PWC, which had been appointed as Observer of LBF (with the right to approve any such filing) in the proceedings then pending in Switzerland, approved the filing of the Chapter 11 Case.

21. Given LBF's limited connections to the U.S. and the existence of the Swiss Bankruptcy, PwC believes that a chapter 15 case is the most efficient and appropriate vehicle to administer any assets LBF may have in the United States, and that dismissal of the Chapter 11 Case is in the best interests of LBF, its creditors and equity holders. PwC has access to the books and records of LBF and has already done an in-depth investigation into LBF's assets and liabilities, and is already tasked with protecting the interests of LBF's creditors world-wide. In addition, as most of LBF's creditors and assets are outside the U.S., maintaining the Chapter 11 Case will require LBF to expend unnecessary time, money and effort to coordinate the Chapter 11 Case with the Swiss Bankruptcy, which will deplete the estate and reduce the recovery of all stakeholders.

22. To date, the following adversary proceedings have been filed in the Chapter 11 Case: (i) Rye Select Broad Market XL Portfolio Limited v. Lehman Brothers Special Financing, Inc., *et al*, Adversary Proceeding No. 08-01624 (JMP) ("Rye I"); (ii) Rye Select Broad Market XL Portfolio Limited v. Lehman Brothers Special Financing, Inc., *et al*, Adversary Proceeding No. 08-01625 (JMP) ("Rye II"); and (iii) Kelly v. Lehman Brothers OTC

---

[7] The Chapter 11 Case is pending in this Court as Case No. 08-13887 (JMP).

10

Derivatives, Inc., *et al*, Adversary Proceeding No. 08-01621 (JMP) (the "Kelly Adversary"). All three adversary proceedings were filed on or about October 15, 2008, but PwC was not served with any of the complaints commencing such proceedings. The Rye I and Rye II proceedings have been voluntarily dismissed by the plaintiffs therein, effective December 19, 2008. The deadline to answer or otherwise respond to the complaint in the Kelly Adversary has been extended by consent of all parties to the complaint, while a settlement agreement is being negotiated and documented.

## BASIS FOR RELIEF REQUESTED

### A. Dismissal of the Chapter 11 Case

23. Section 305(a)(2) of the Bankruptcy Code provides that a court may, after notice and hearing, dismiss or suspend a bankruptcy case if a chapter 15 petition has been granted and "the purposes of Chapter 15 of this title would be best served by such dismissal or suspension." 11 U.S.C. § 305(a)(2). Moreover, section 305(b) expressly provides that a foreign representative such as PwC may seek dismissal under section 305(a)(2).[8] Here, PwC, as the foreign representative of LBF, seeks dismissal of the Chapter 11 Case because such dismissal is in the best interests of LBF, its creditors and equity holders and would best serve the purposes of chapter 15 of the Bankruptcy Code.

---

[8] PwC believes that, under the circumstances of this case, it is appropriate to simultaneously request recognition under chapter 15 and dismissal of the Chapter 11 Case. However, PwC recognizes that, as foreign representative, it is entitled to seek dismissal of the Chapter 11 Case under sections 305(a)(2) and 305(b) only if the Court determines to grant the Chapter 15 Petition. Having these matters decided simultaneously promotes efficient judicial administration of these cases and eliminates any possible inconsistency with the relief requested in the Chapter 15 Petition under section 1520 of the Bankruptcy Code and the possibility that there will be any period of time during which neither the Chapter 11 Case nor section 1520 of the Bankruptcy Code provides LBF with the relief described in section 1520 of the Bankruptcy Code. *See* 11 U.S.C. §1529.

11

24. Section 1501 of the Bankruptcy Code sets forth the goals of Chapter 15. Pursuant to section 1501, the goals of Chapter 15 are to promote the "fair and efficient administration of cross-border insolvencies that protects the interests of all creditors, and other interested entities, including the debtor" and to provide for the "protection and maximization of the value of the debtor's assets." 11 U.S.C. §1501(a)(3)-(4). In this instance, separate insolvency proceedings in Switzerland and the United States would not promote the fair and efficient administration of LBF's assets. The Chapter 11 Case would impose unnecessary administrative burdens and costs, and therefore would not result in the maximization of the debtors assets. Indeed, LBF's creditors would ultimately bear the costs of any inefficiencies in the realization and distribution of LBF's assets.

25. Most of LBF's creditors and assets are located outside the United States. Moreover, LBF has no employees or offices in the United States, and its books and records are located in Switzerland, under the control of PwC as Bankruptcy Liquidator. Given LBF's limited connections to the U.S., PwC believes that the Chapter 15 Case is the most efficient and appropriate vehicle for the administration of LBF's assets in the United States. For the foregoing reasons, the goals of efficiency and maximization of assets embodied in section 1501 of the Bankruptcy Code would be best served by the dismissal of the Chapter 11 Case immediately upon recognition of the Chapter 15 Case.

**B.**     **Transfer of Adversary Proceedings**

26. PwC requests that the Court transfer the Kelly Adversary to the Chapter 15 Case and administer the Kelly Adversary therein.

## CONCLUSION

WHEREFORE, PwC respectfully requests that this Court, pursuant to sections 305(a)(2) and 305(b) of the Bankruptcy Code, enter an order, substantially in the form attached as Exhibit E hereto and effective immediately upon entry of this Court's separate order granting the Chapter 15 Petition, (i) dismissing the Chapter 11 Case, (ii) transferring the Kelly Adversary to the Chapter 15 Case, and (iii) granting such other and further relief as may be just and proper.

Dated: New York, New York
February 10, 2009

GIBSON, DUNN & CRUTCHER LLP

/s/ Michael A. Rosenthal
Michael A. Rosenthal (*pro hac vice* pending)
Rachel F. Castelino (RC-8356)
200 Park Avenue
New York, NY 10166
Tel (212) 351-4000
Fax (212) 351-4035

*Attorneys for PricewaterhouseCoopers AG, Zurich, as Bankruptcy Liquidator of Lehman Brothers Finance AG, in Liquidation a/k/a Lehman Brothers Finance SA, in Liquidation*

100561322_5.DOC